UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILANNE D. BARTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MIYASHIRO, in his official capacity as Superintendent Cajon Valley Union School District; JAMES MILLER, JO ALEGRIA, TAMARA OTERO, and KAREN CLARK-MEJIA, each in their official capacity as Trustee of Cajon Valley Union School District Board of Trustees; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 19-cv-2261-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction filed by Defendants David Miyashiro, James Miller, Jo Alegria, Tamara Otero, and Karen Clark-Mejia. (ECF No. 4).

### I. BACKGROUND

On November 26, 2019, Plaintiff Jilanne D. Barto filed a Complaint against Defendants David Miyashiro in his official capacity as Superintendent of the Cajon Valley Union School District; James Miller, Jo Alegria, Tamara Otero, and Karen Clark-Mejia in

their official capacities as Trustees of the Cajon Valley Union School District Board of Trustees; and Does 1-50. (ECF No. 1). In the Complaint, Plaintiff alleges that she has been a Trustee of the Cajon Valley Union School District Board of Trustees for twenty-five years. Plaintiff alleges that she took an oath to uphold the Cajon Valley Union School District Board Bylaws, which require Trustees to "provide leadership and citizen oversight of the district," to "participate in decisions pertaining to education in the district," and to not "use [the position] for private advantage or personal gain." (*Id.* ¶¶ 21-23). Plaintiff alleges that since her reelection to the Board in November 2018, Plaintiff "spoke unfavorably about Defendants' actions" and "question[ed] [ ] the way in which Defendants spend District funds." (*Id.* ¶¶ 27, 29). Plaintiff alleges that she questioned "how much money District Superintendent Miyashiro has spent on his travel and conference costs" and the "size and nature of expenditures from his discretionary funds." (*Id.* ¶ 30). Plaintiff alleges that in December 2018, Plaintiff "questioned Defendant Trustee Jo Alegria's request for payment for a missed Cajon Valley Board meeting . . . ." (*Id.* ¶ 31). Plaintiff alleges that in May 2019, Plaintiff "raised questions about contracts with the District, particularly in connection with a $600,000 contract that . . . was awarded to Dryw Otero, son of Board President Defendant Tamara Otero." (*Id.* ¶ 32).

Plaintiff alleges that Defendants attempted to silence Plaintiff and retaliated against Plaintiff for her "efforts to bring to the public's attention the financial irregularities of the Defendants." (*Id.* ¶ 33). Plaintiff alleges that in August 2018, Defendant Miyashiro prohibited Plaintiff from contacting District employees, and Defendants refused to share information exchanged during a closed session Board meeting that Plaintiff was unable to attend. Plaintiff alleges that in December 2018, Defendants took Plaintiff off the rotation to set the Board meeting agenda, even though it was Plaintiff's turn. Plaintiff alleges that in March 2019, Defendants refused to allow Plaintiff to use her expense card to pay for her ticket to the Mayor's lunch and refused to update Plaintiff's phone number and photograph on the District website. Plaintiff alleges that in April 2019, Defendants denied Plaintiff a position on a Board committee. Plaintiff alleges that beginning in June 2019, Defendants

denied Plaintiff access to public comment cards and video of recorded Board meetings. Plaintiff alleges that in September 2019, Defendants refused to allow Plaintiff to collect reward coins that she earned. Plaintiff alleges that in October 2019, Defendants cancelled Plaintiff's expense card. Plaintiff alleges that in November 2019, Defendant Miyashiro denied Plaintiff's request to attend a conference. Plaintiff alleges that "Defendants have prohibited Plaintiff from attending Board meetings and restricted her from being on District property." (*Id.* ¶ 46). Plaintiff alleges that Defendants "tried to coerce [Plaintiff] to sign a resignation letter when she complained of their retaliation." (*Id.* ¶ 47).

Plaintiff brings claims against Defendants under 42 U.S.C. § 1983 for violation of Plaintiff's First Amendment rights and retaliation. Plaintiff further brings claims against Defendants for injunctive and declaratory relief. Plaintiff seeks "a permanent injunction" against Defendants and expenses, attorneys' fees, and costs. (*Id.* at 12).

On December 20, 2019, Defendants filed a Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction. (ECF No. 4). Defendants move to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure "on the grounds that Defendants are immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution." (ECF No. 4 at 2). On January 13, 2020, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 10). On January 17, 2020, Defendants filed a Reply. (ECF No. 11). On February 18, 2020, Plaintiff filed a Sur-Reply with leave of Court. (ECF No. 14).

On February 27, 2020, the Court heard oral argument on Defendants' Motion to Dismiss.

## II. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations

3

contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* at 1039.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

An Eleventh Amendment immunity defense is "quasi-jurisdictional" in nature and "may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n. 2 (9th Cir. 2017); *compare Savage v. Glendale Union High Sch. Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (treating Eleventh Amendment immunity as a matter of subject matter jurisdiction), *with Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) ("'[D]ismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction,' but instead rests on an affirmative defense." (quoting *Miles v. California*, 320 F.3d 986, 988-89 (9th Cir. 2003)). Where a defendant raises an Eleventh Amendment challenge based on the face of the complaint, it makes no difference whether the court examines immunity under Rule 12(b)(1) or Rule 12(b)(6) because the standards are materially the same. The court assumes that all factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *See Syed v. M-I, LLC*, 853 F.3d 492, 499 n. 4 (9th Cir. 2017) (discussing Rule 12(b)(6) standard); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (discussing Rule

12(b)(1) standard); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (explaining that "[w]here jurisdiction is intertwined with the merits, we must 'assume[ ] the truth of the allegations . . .'" (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

## III. DISCUSSION

Defendants contend that they are immune from Plaintiff's suit pursuant to the Eleventh Amendment of the United States Constitution because they are school officials sued in their official capacities. Defendants contend that the exceptions to Eleventh Amendment immunity do not apply. Defendants further contend that Plaintiff fails to state a claim under 42 U.S.C. § 1983. Plaintiff contends that Defendants are not entitled to Eleventh Amendment immunity because the *Ex parte Young* exception applies. Plaintiff further contends that she sufficiently alleges claims under 42 U.S.C. § 1983.

### a. Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment presupposes that "each State is a sovereign entity in our federal system" and that "'[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without [the sovereign's] consent.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (first alteration in original) (quoting *Hans v. Louisiana*, 134 U.S. 1, 13 (1890)). The Eleventh Amendment "enacts a sovereign immunity from suit," and it shields a state except "where there has been 'a surrender of this immunity . . . .'" *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) (quoting *Principality of Monaco v. Mississippi*, 292 U.S. 313, 322-23 (1934)). Eleventh Amendment immunity shields a state from suits brought by the state's own citizens as well as in suits invoking federal question jurisdiction. *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 268.

"State immunity extends to state agencies and to state officers, who act on behalf of the state and can therefore assert the state's sovereign immunity." *NRDC v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)). A state official "sued in his official capacity has the same immunity as the state, and is entitled to [E]leventh [A]mendment immunity." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) (citing *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991)).

There are three exceptions to the general rule that states, state agencies, and state officers are protected by the Eleventh Amendment from suits brought by citizens in federal court. *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001), *amended*, 285 F.3d 1226 (9th Cir. 2001).

> First, a state may waive its Eleventh Amendment defense. Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority. Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks . . . prospective injunctive relief."

*Id.* at 817-18 (internal citations omitted) (quoting *Seminole Tribe of Fla.*, 517 U.S. at 73).

### i. Eleventh Amendment Immunity for School Officials

The Court of Appeals for the Ninth Circuit has concluded that California school districts are "arms of the state" entitled to sovereign immunity under the Eleventh Amendment. *Sato*, 861 F.3d at 934; *see Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992) ("[U]nder California law, the school district is a state agency . . . . Thus, the school district is protected by the Eleventh Amendment."). The Eleventh Amendment also bars suits against school district employees sued in their official capacities. *See Cole v. Oroville High Sch.*, 228 F.3d 1092, 1100 n. 4 (9th Cir. 2000) (explaining that the district court correctly concluded that a superintendent, principal, and vice principal were immune from a suit for damages in their official capacities); *Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1996) (holding that the Mendocino County

Superintendent of Schools sued in his official capacity was entitled to Eleventh Amendment immunity); *Adams v. Linville*, No. 98-35973, 2000 U.S. App. LEXIS 29906, at *3-4 (9th Cir. Nov. 20, 2000) (holding that the district court did not err in dismissing claims against members of a board of trustees in their official capacities under the Eleventh Amendment).

In this case, Defendants are the Superintendent of the Cajon Valley Union School District and four Trustees of the Cajon Valley Union School District Board of Trustees. Defendants are sued only in their official capacities. Defendants are "arms of the state" protected by Eleventh Amendment immunity, absent an applicable exception. *Sato*, 861 F.3d at 934.

### ii. *Ex Parte Young* Exception to Eleventh Amendment Immunity

Defendants contend that the *Ex parte Young* exception does not apply because "it does not reach suits seeking relief against State officials for violations of state law." (ECF No. 4-1 at 16). Defendants contend that the *Ex parte Young* exception does not apply because Plaintiff's § 1983 claims are "not viable under federal law." (*Id.* at 17).

Plaintiff contends that the *Ex parte Young* doctrine bars Defendants from asserting Eleventh Amendment immunity because Plaintiff alleges continuing violations of the U.S. Constitution and federal statutory law. Plaintiff contends that the *Ex parte Young* doctrine applies because Plaintiff seeks "prospective injunctive and declaratory relief to address Defendants' First Amendment and § 1983 violations." (ECF No. 10 at 11).

The *Ex parte Young* doctrine provides that the Eleventh Amendment "does not [ ] bar actions for prospective declaratory or injunctive relief against state officers in the their official capacities for their alleged violations of federal law." *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012); *see Ex parte Young*, 209 U.S. 123, 155-56 (1908)). The *Ex parte Young* doctrine is available "where 'a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective.'" *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 294 (O'Connor, J., concurring)).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (alteration in original) (quoting *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 296 (O'Connor, J., concurring)).

Plaintiff alleges that she has spoken critically about Defendants' spending of District funds since her reelection to the Board of Trustees in November 2018. Plaintiff alleges that Defendants have "sought to stop Plaintiff from taking policy positions that differ from theirs" and have retaliated against Plaintiff because she spoke out. (ECF No. 1 ¶ 51). Plaintiff alleges that Defendants are violating Plaintiff's First Amendment rights by requiring Plaintiff to obtain Board approval before she makes site visits or speaks with the public, by banning Plaintiff from being on District property, by removing Plaintiff from the Board meeting agenda-setting rotation, and by prohibiting Plaintiff from attending Board meetings. Plaintiff seeks a "declaration . . . confirming Defendants violated Plaintiff's constitutional rights" (*id.* ¶ 69) and

> a permanent injunction restraining Defendants from prohibiting Plaintiff from speaking to her constituents, from participating in Board Meetings, both open and closed session, from participating in School District events; from using her Cal Card; from visiting District schools; from attending relevant conferences; from obtaining information requested to do her job; and to mandate that Plaintiff be notified of Board members events and issues to the same extend as other Board members.

(*Id.* at 12).

The Court concludes that Plaintiff has alleged "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc.*, 535 U.S. at 645 (quotation omitted); *see Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (expungement of disciplinary action from record was prospective relief); *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 841 (reinstatement constitutes prospective injunctive relief because wrongful

termination is a continuing violation, and reinstatement "would not amount to relief solely for the past violation." The Court concludes that the *Ex parte Young* doctrine applies, and Defendants are not entitled to Eleventh Amendment immunity at this stage in the proceedings.

### b. Claims Under 42 U.S.C. § 1983

Defendants contend that school officials are not "persons" subject to suit under § 1983. (ECF No. 4-1 at 14). Defendants contend that Plaintiff "failed to allege sufficient facts demonstrating a nexus between the adverse action by the Defendants and Plaintiff's protected speech or retaliation." (*Id.* at 15). Defendants further contend that Plaintiff fails to allege that Defendants acted pursuant to an official policy or custom. (ECF No. 11 at 5 (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

Plaintiff contends that Defendants are "persons" subject to suit under § 1983. (ECF No. 10 at 9). Plaintiff contends that she has sufficiently pled claims against Defendants for retaliation and violation of Plaintiff's First Amendment rights. Plaintiff contends that *Monell*'s policy or custom standard does not apply to claims against state officials sued in their official capacities. (ECF No. 14 at 2). Plaintiff further contends that she sufficiently alleges that Defendants acted pursuant to a policy adopted by Defendant policymakers.

The scope of 42 U.S.C. § 1983 and the scope of Eleventh Amendment immunity are separate but related inquiries. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839. "Claims under § 1983 are limited by the scope of the Eleventh Amendment." *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839. "'States or governmental entities that are considered arms of the State for Eleventh Amendment purposes' are not 'persons' under § 1983."[1] *Id.* (quoting *Will*, 491 U.S. at 70).

---

[1] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

9

Similarly, state officials sued in their official capacities are not "persons" within the meaning of § 1983, because an official-capacity suit is "not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). However, under the *Ex parte Young* doctrine, "[w]hen sued for *prospective injunctive relief*, a state official in his official capacity is considered a 'person' for § 1983 purposes" and is also not entitled to Eleventh Amendment immunity. *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839 (citing *Will*, 491 U.S. at 71 n. 10 ("official-capacity actions for prospective relief are not treated as actions against the State")). The Court has determined that the *Ex parte Young* doctrine applies. Accordingly, Defendants sued in their official capacities are "persons" subject to suit under § 1983.

42 U.S.C. § 1983 provides a cause of action against any person who, under color of state law, deprives any citizen of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A plaintiff may bring a claim under § 1983 for violation of the plaintiff's First Amendment rights. *See, e.g.*, *DeGrassi v. City of Glendora*, 207 F.3d 636, 644 (9th Cir. 2000). To establish a First Amendment retaliation claim, "a plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity[,] and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *see Huskey v. City of San Jose*, 204 F.3d 893, 900 (9th Cir. 2000) (explaining that the plaintiff must demonstrate a "nexus" between his statements and any adverse action suffered). The "timing and nature" of the alleged retaliatory activities can provide circumstantial evidence of retaliation. *Soranno's Gasco v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

---

to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"[I]n an official-capacity action . . . a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citations omitted) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981); *Monell*, 436 U.S. at 694). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought. Thus implementation of State policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State." *Graham*, 473 U.S. at 167 n. 14 (citations omitted); *see Los Angeles Cty. v. Humphries*, 562 U.S. 29, 37 (2010) (in a suit against a municipality, holding that *Monell*'s "policy or custom" requirement applies to § 1983 claims "irrespective of whether the relief sought is monetary or prospective"); *see also Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (in an official-capacity suit against administrators of state department of corrections for injunctive relief, finding the administrators "liable in their official capacities only if policy or custom played a part in the violation of federal law"); *Norsworthy v. Beard*, 74 F. Supp. 3d 1100, 1109 (N.D. Cal. 2014) (requiring plaintiff to allege policy or custom in an official-capacity suit against state prison officials for injunctive relief).

A plaintiff bringing suit under § 1983 can establish official-capacity liability in one of three ways: 1) by proving that an employee committed the alleged violation pursuant to a "formal policy or longstanding practice or custom that constitutes the standard operating procedure" of the government entity; 2) by establishing that the individual who committed the violation was an "official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy;" or 3) by proving that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (quotations and citations omitted). "Whether a particular official has final policy-making authority is a question of state law." *Id.* at 1346.

Plaintiff alleges claims against the Superintendent of the Cajon Valley Union School District and four Trustees of the Cajon Valley Union School District Board of Trustees. The California Education Code provides that "[e]very school district shall be under the control of a board of school trustees . . . ." Cal. Educ. Code § 35010(a). The Board has powers including to "prescribe and enforce rules . . . for its own government," Cal. Educ. Code § 35010(b), "fix and prescribe the duties to be performed by all persons in public school service in the school district," Cal. Educ. Code § 35020, "provide for the payment of the traveling expenses of any representative of the board when performing services directed by the board," Cal. Educ. Code § 35044, and "[s]elect a member or members of the board to attend . . . any convention to which it may pay the expense of any employee," Cal. Educ. Code § 35172(f). The superintendent is "the chief executive officer of the governing board." Cal. Educ. Code § 35035(a).

Plaintiff alleges that after she spoke critically about Defendants' spending of District funds, Defendants cancelled Plaintiff's expense card, refused to allow her to attend board meetings or conferences, required Plaintiff to obtain Board approval before she makes site visits or speaks with the public, banned Plaintiff from being on District property, and removed Plaintiff from the Board meeting agenda-setting rotation. Plaintiff alleges that Defendants "tried to coerce her to sign a resignation letter when she complained of their retaliation." (ECF No. 1 ¶ 47). Plaintiff alleges that "[a]s a 25-year member of the Board, she had not previously experienced retaliation until her speech was contrary to Defendants' liking." (*Id.* ¶ 61). The Court concludes that Plaintiff's allegations are sufficient at the pleading stage to infer that Defendants had final policymaking authority over the actions alleged by Plaintiff. The Court concludes that Plaintiff's allegations are sufficient at the pleading stage to infer a causal nexus between Plaintiff's speech and Defendants' alleged adverse actions.

Defendants' Motion to Dismiss is denied.

///

///

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (ECF No. 4) is denied.

Dated: April 6, 2020

Hon. William Q. Hayes
United States District Court