UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILANNE D. BARTO, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID MIYASHIRO, in his official capacity as superintendent, CAJON VALLEY UNION SCHOOL DISTRICT, et al.,<br><br>                Defendants. | Case No.:  19cv2261-WQH(KSC)<br><br>**ORDER RE JOINT MOTION ADDRESSING ALLEGATION OF CONFLICT OF INTEREST**<br><br>**[Doc. No. 32.]** |

      The parties have filed a Joint Motion seeking the Court's direction about strongly worded objections made by plaintiff's counsel during plaintiff's deposition, including the following, that caused defendant's counsel to suspend the deposition: "I'm going to interpose a continuing objection to you acting as legal counsel, deposing [plaintiff], now that I've heard you over the two hours because you were her legal counsel.  I have a continuing objection because you clearly have a conflict of interest and duty of loyalty and confidentiality to [plaintiff] that you are breaching repeatedly.  And I want that to be a continuing objection for the remainder of this deposition." [Doc. No. 32-2, at p. 32.] While plaintiff's counsel repeated his strongly worded objection several times on the

1

record during colloquy between counsel, he declined to provide any specific facts or rationale in support of the objection. Defendant's counsel then determined it was best to suspend the deposition and seek the Court's assistance in resolving the matter. [Doc. No. 32-2, at pp. 32-41.]

For the reasons outlined more fully below, the Court finds that the objection is unsupported, and the deposition should resume without delay and without any further speaking objections by plaintiff's counsel.

## *Background*

### A. *The Complaint.*

Plaintiff Barto has been a member of the Cajon Valley Union School District Board of Trustees (CVUSD) for more than two decades. Defendant David Miyashiro has been the Superintendent of CVUSD. The other individual defendants are also trustees of CVUSD. [Doc. No. 1, at pp. 2-3.] The Complaint alleges defendants violated plaintiff Barto's constitutional rights under the First Amendment by conspiring and retaliating against her for being an outspoken Board member who has objected to fiscal expenditures and other policies. [Doc. No. 1, at pp. 2, 6.] The Complaint seeks declaratory and injunctive relief plus costs of suit. [Doc. No. 1, at pp. 2, 12.]

One of plaintiff Barto's allegations is that she has been prohibited from attending Board meetings and denied access to information exchanged during closed-session Board meetings, which has prevented her from effectively serving in her position as a duly elected Trustee. [Doc. No. 1, at pp. 7, 12.] Plaintiff Barto's request for relief includes, in part, a permanent injunction precluding defendants from denying her access to both open and closed sessions of the Board. [Doc. No. 1, at p. 12.]

### B. *Plaintiff Barto's Prior Contact with Defense Counsel Winet.*

In this case, the CVUSD is represented by Mr. Winet. Previously, Mr. Winet represented the CVUSD in employment discrimination actions in state and federal court that were brought by a former CVUSD employee in cases entitled *Wesley-Willis v. CVUSD*. In a deposition in these matters, the plaintiff therein claimed that Barto

2

19cv2261-WQH(KSC)

provided her with information from a closed Board meeting that was relevant to her claims. Therefore, counsel for plaintiff in the *Wesley-Willis* case thereafter took plaintiff Barto's deposition as a percipient witness and *not* in her capacity as a member of the Board. Because he represented the CVUSD in the *Wesley-Willis* case, Mr. Winet defended the deposition. The deposition was brief (30 pages). Plaintiff Barto testified that she did not provide the plaintiff in the *Wesley-Willis* case with confidential information from a closed session of the Board. [Doc. No. 32-1, at pp. 3, 16-17, 23-25.]

In a Declaration submitted with the parties' Joint Motion, Mr. Winet states that he did not obtain any confidential information from plaintiff Barto when she testified in a deposition as a percipient witness in the *Wesley-Willis* case that could be used in any way in this case. [Doc. No. 32-1, at p. 4.] Early in this case, Mr. Winet previously provided this information to plaintiff's counsel so that any objections could be raised, but no objection was made until plaintiff's deposition.

### C. *Relevant Deposition Testimony.*

During her deposition in this case, Mr. Winet asked plaintiff Barto a series of questions about Board meetings she was not permitted to attend and her beliefs about why she was excluded from these meetings. Mr. Winet wanted to know whether plaintiff Barto understood or had been told she was excluded from certain meetings because employees claimed she provided them with confidential information from a prior closed session of the Board. One of the Board meetings at issue in this series of questions was a closed session pertaining to the *Wesley-Willis* case. [Doc. No. 32-2, at 8-14.]

In the next series of questions, Mr. Winet asked plaintiff Barto about various allegations made against her and her knowledge of an Ad Hoc Committee that was established to prepare a report and make findings about these allegations. [Doc. No. 32-2, at p. 19-31.] Plaintiff Barto indicated in her testimony that she was sanctioned because of the Ad Hoc Committee's work. [Doc. No. 32-2, at p. 27.] The final question in this series was whether plaintiff recalled if the report stated that she "had violated any Board bylaws in [her] dealings with Mr. Regals?" [Doc. No. 32-2, at p. 31.] Plaintiff responded

she would have to review the report to clarify what was said. [Doc. No. 32-2, at p. 31.] Immediately following this question, plaintiff's counsel made the strongly worded, continuing objection outlined above indicating defendant's counsel has a conflict of interest in this case and has therefore breached a duty of loyalty to plaintiff because he defended her deposition during the *Wesley-Willis* case.

## *Discussion*

Rule 1.9(a) of the California Rules of Professional Conduct states as follows: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent." Cal. R. Prof. Conduct 1.9(a).

The term "matter" is defined to include "any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons, or a discrete and identifiable class of persons." Cal. R. Prof. Conduct 1.7(e).

Without more, the Court is unable to exclude plaintiff Barto as a "former client" of Mr. Winet, because the definition of "matter" is broad. In addition, it is possible for an attorney-client relationship to result in a disqualifying conflict because of a duty of confidentially owed to a "nonclient." *Lynn v. George*, 15 Cal. App. 5th 630, 638 (2017). Accordingly, it is necessary to examine the nature of the prior and current representations to determine whether there is a conflict or potential conflict.

"Where the potential conflict is one that arises from the successive representation of clients with potentially adverse interests, the courts have recognized that the chief fiduciary value jeopardized is that of client confidentiality." *Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994). "If the subjects of the prior representation are such as to 'make it likely the attorney acquired confidential information' that is relevant and material to the present representation, then the two representations are substantially related. [Citations

omitted.]" *City & Cty. of San Francisco v. Cobra Sols., Inc.*, 38 Cal. 4th 839, 847 (2006). "[S]uccessive representations will be 'substantially related' when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." *Lynn v. George*, 15 Cal. App. 5th 630, 638 (2017).

Here, plaintiff's counsel states in his Declaration that he made the subject objection because Mr. Winet began asking questions "about the *Willis* case and whether [plaintiff Barto] had committed wrongdoing regarding the *Willis* matter, that it seemed clear – or at least possible – that Attorney Winet was using what he learned in his prior representation to impeach [plaintiff Barto] in the current deposition." [Doc. No. 32-2, at p. 2.] However, without more, the deposition transcript does not support counsel's assertion.

When counsel's objection was made, it does not appear the topic had anything to do with the *Wesley-Willis* case. The *Wesley-Willis* case was mentioned earlier in the deposition, but the testimony was not about "wrongdoing regarding the *Willis* matter." [Doc. No. 32-2, at pp. 2, 9-15.] Rather, Mr. Winet wanted to know whether plaintiff was excluded from a Board meeting about the *Wesley-Willis* matter and whether plaintiff had an understanding as to why she was excluded. [Doc. No. 32-2, at pp. 9-15.] Counsel's objection was made after the topic turned to the Ad Hoc Committee and findings made by the Ad Hoc Committee on various allegations made against plaintiff. [Doc. No. 32-2, at pp. 19-31.] While it could be said these questions about the Ad Hoc Committee's work were being asked for impeachment purposes, there is nothing to indicate Mr. Winet was improperly using information he acquired from defending plaintiff Barto's deposition in the *Wesley-Willis* matter.

Based on a review of the information provided by the parties, there is nothing to indicate Mr. Winet has a conflict of interest in this case or that he has breached any duty owed to plaintiff Barto because he defended her deposition as a percipient witness during

5

the *Wesley-Willis* employment discrimination cases involving a former CVUSD employee. Those two cases and the present case only overlap on a minor factual matter in that plaintiff contends in this litigation that she was wrongfully excluded from a Board meeting in which the *Wesley-Willis* case was discussed. Plaintiff believes she was also wrongfully excluded from other Board meetings on other topics. The topics discussed at these meetings are not significantly disputed. Rather, the reasons why plaintiff was allegedly excluded from the meetings are at issue in this case, and whether those reasons resulted in a violation of plaintiff's constitutional rights. In sum, without more, the *Wesley-Willis* employment discrimination matters involved factual and legal issues that are entirely separate from those at issue in this case, and no evidence was presented by plaintiff to indicate there is a substantial relationship between them.

There is also nothing to indicate there is a conflict based on confidentiality concerns. Mr. Winet has clearly stated in a Declaration that he did not obtain any confidential information from plaintiff Barto when she testified in a deposition as a percipient witness in the *Wesley-Willis* matters that could be used in any way in this case. [Doc. No. 32-1, at p. 4.] Plaintiff has not contested Mr. Winet's Declaration in this regard. Nor do the circumstances of the deposition make it likely Mr. Winet would have acquired any confidential information while preparing for or defending plaintiff Barto's deposition in the *Wesley-Willis* case. Although it is likely there would have been a need for general witness preparation as in any other deposition, plaintiff Barto's testimony in the *Wesley-Willis* case only involved a simple factual matter that would not have required extensive or substantive preparation. Plaintiff Barto was only being called upon to confirm or deny whether she provided certain information to the plaintiff therein that was relevant to the discrimination allegations, and plaintiff Barto denied she provided any such information.

Based on a review of the deposition transcript, it appears the likely reason for the conflict objection was that plaintiff's counsel did not like the "way" plaintiff was being examined, because the questions concerned matters of credibility that could possibly be

disadvantageous to plaintiff. [Doc. No. 32-2, at pp. 32-33.] In this regard, plaintiff's counsel complained on the record that Mr. Winet "suggested" plaintiff "wasn't telling the truth." [Doc. No. 32-2, at p. 34.] This is not enough to indicate there is a conflict or potential conflict. Counsel also complained that Mr. Winet was "acting on confidential information that [he] obtained from Ms. Barto while [he was] representing her," but, as noted above, counsel's allegation is wholly unsupported.

Essentially, plaintiff's conflict complaints on the record constitute improper speaking objections which were likely made for tactical or coaching reasons. Such objections are not permitted under the Federal Rules of Civil Procedure. With respect to objections during a deposition, Federal Rule 30(c)(2) specifically provides as follows: "An objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed.R.Civ.P. 30(c)(2). For example, "[q]uestions to which timely objections should be made during the deposition include those which are leading or suggestive; ambiguous or uncertain; compound; assume facts not in evidence; call for a narration; call for speculation or conjecture; or argumentative. ¶If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial." *In re Stratosphere Corp. Securities Litigation*, 182 F.R.D. 614, 618 (D. Nevada 1998).

### *Conclusion*

Based on the foregoing, the conflict objections made by plaintiff's counsel during plaintiff's deposition are overruled as unsupported and should not in any way impede the continuation and completion of plaintiff's deposition. Accordingly, IT IS HEREBY ORDERED that plaintiff's deposition is to be completed within *two weeks of the date this Order is entered*.

/ / /
/ / /
/ / /
/ / /

1    IT IS FURTHER ORDERED that plaintiff's counsel refrain from making
2 disruptive speaking objections in violation of Rule 30(c)(2) of the Federal Rules of Civil
3 Procedure during this continued deposition and in any other depositions in the case.
4    IT IS SO ORDERED.
5 Dated:  February 5, 2021

Hon. Karen S. Crawford
United States Magistrate Judge